[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 21-10982

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

AARON LAVELL LAMAR,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Alabama
D.C. Docket No. 1:20-cr-00097-JB-B-1

_____

Before JORDAN, GRANT, and ANDERSON, Circuit Judges.

PER CURIAM:

Aaron Lamar appeals his low-end guideline sentence of 70 months' imprisonment, which reflected credit for 7 months already served, for possession of a firearm by a convicted felon. Lamar argues that his sentence is procedurally unreasonable because the district court clearly erred in applying the U.S.S.G. § 2K2.1(b)(6)(B) enhancement by finding that the firearms facilitated or had the potential to facilitate his drug possession. Lamar also argues that his sentence is substantively unreasonable because the district court abused its discretion in imposing a sentence that was greater than necessary because the 18 U.S.C. § 3553(a) factors—specifically, his history and characteristics and the nature and characteristics of the offense—warranted a downward variance.

We review the reasonableness of a sentence under a deferential abuse-of-discretion standard. *Gall v. United States*, 552 U.S. 38, 41 (2007). A district court's finding that a firearm was possessed "in connection with" another felony offense is a factual finding that we review for clear error. *United States v. Bishop*, 940 F.3d 1242, 1250 (11th Cir. 2019), *cert. denied*, 140 S. Ct. 1274 (2020).

However, we will not decide a Guidelines issue if it made no difference to the sentence imposed by the district court and the ultimate sentence was reasonable. *United States v. Keene*, 470 F.3d 1347, 1350 (11th Cir. 2006). If the district court states that its

sentence would not have changed with a different Guidelines calculation, we assume there was an error, calculate the guideline range without the error, and analyze whether the sentence would be substantively reasonable under that guideline range. *Id.* at 1349. If it is, then we will not address the disputed Guidelines issue because "it would make no sense to set aside this reasonable sentence and send the case back to the district court since it has already told us that it would impose exactly the same sentence, a sentence we would be compelled to affirm." *Id.* at 1350.

A district court abuses its discretion when it "(1) fails to afford consideration to relevant factors that were due significant weight, (2) gives significant weight to an improper or irrelevant factor, or (3) commits a clear error of judgment in considering the proper factors." *United States v. Irey*, 612 F.3d 1160, 1189 (11th Cir. 2010) (*en banc*). A district court commits a "clear error of judgment" when it unreasonably considers the proper factors. *Id.* We do "not presume that a sentence outside the guidelines is unreasonable and must give due deference to the district court's decision that the § 3553(a) factors, as a whole, justify the extent of the variance." *Id.* at 1187 (quotation marks omitted). One indicator of reasonableness is whether the sentence falls well below the maximum penalty. *United States v. Goldman*, 953 F.3d 1213, 1222 (11th Cir. 2020). Although we do not presume that a sentence within the guideline range is reasonable, we ordinarily expect it to be reasonable. *United States v. Hunt*, 526 F.3d 739, 746 (11th Cir. 2008).

Here, any error by the district court in applying the U.S.S.G. § 2K2.1(b)(6)(B) enhancement was harmless because the court expressly stated that it would have imposed the same sentence without the enhancement and the sentence would still be reasonable under the lower guideline range.  While Lamar argues the court's statement was ambiguous, the court made the statement after the government specifically asked for a *Keene* statement.  And the district court stated that it would have imposed this sentence "under the facts and circumstances of this case, regardless" immediately after stating that a finding of fact was made concerning the enhancement, indicating that the court would have imposed the same sentence regardless of the enhancement.  Therefore, as long as the sentence was reasonable considering the guideline range without the enhancement, any error was harmless.  *Keene*, 470 F.3d at 1349.

Without the application of the 4-level enhancement, Lamar's applicable guideline range would have been 51 to 63 months' imprisonment.  U.S.S.G. §§ 2K2.1, 3E1.1(b).  Thus, Lamar's sentence of 70 months' imprisonment, with credit for 7 months already served, would be a slight upward variance.  Even though the imposed sentence would be outside the applicable guideline range, this Court will not presume that the sentence is unreasonable.  *Irey*, 612 F.3d at 1187.  The court noted that it considered the § 3553(a) factors and objectives in its decision.  While the court considered Lamar's young age and his young children, the court also considered Lamar's issues with substance abuse and recidivism.  The

court adopted the government's arguments of Lamar's lengthy criminal history, prior drug convictions, and the seriousness of the offense in sentencing Lamar to the government's recommendation. Further indicating reasonableness, the sentence imposed was well below the statutory maximum of ten years. *Goldman*, 953 F.3d at 1222. It would not have been an abuse of discretion for the district court to vary upward slightly due to the fact that Lamar had multiple prior convictions for drug offenses and a prior conviction for domestic violence and unlawfully possessed two firearms, one of which was loaded, together with drugs while fleeing from a reported domestic dispute. Because the district court's 70-month sentence would have been reasonable even without the 4-level enhancement, any error in imposing the enhancement was harmless. The district court did not abuse its discretion after weighing Lamar's young age and his young children against his lengthy criminal history, his prior drug convictions, and the seriousness of the offense.

**AFFIRMED.**